

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Michael W. Magner*
*Assistant United States Attorney*
*Anti-Terrorism Unit*

*Hale Boggs Federal Building*
*500 Poydras Street, Second Floor*
*New Orleans, Louisiana 70130*

*Telephone: (504) 680-3103*
*Facsimile: (504) 589-4510*

April 24, 2008

The Honorable Lance M. Africk
United States District Judge
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

FILED   APR 2 4 2008

**LORETTA G. WHYTE**
CLERK

    Re:    United States v. John N. Fowler
              Criminal Docket No. 08-003 "I"

Dear Judge Africk:

    In compliance with the holding of Bryan v. United States, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the United States of America and John N. Fowler, the defendant in the above-captioned proceeding. Defendant's undersigned counsel has reviewed the terms of this Agreement; counsel for Fowler has been advised by the defendant that the defendant fully understands the terms of this agreement.

**A.**    **THE CHARGES**

    The Government has agreed that in return for the defendant pleading guilty to Count 1 of the Bill of Information, charging him with conspiracy to violate the International Emergency Economic Powers Act, 50 U.S.C. § 1705, and the Iranian Trading Regulations, 31 C.F.R. § 560, all in violation of Title 18 United States Code, Section 371, the Government will allow the defendant to plead guilty to this charge if this agreement is accepted by the Court and that it will not bring any other criminal charges against the defendant in the Eastern District of Louisiana regarding activities which relate to the defendant's participation in the activities set forth in the Bill of Information, or which are disclosed to the Government in the defendant's cooperation with the Government in response to questions they pose. The defendant acknowledges that the Court is not bound to accept this plea agreement. The Government further agrees that it will not object to a determination that Fowler played a

Honorable Lance M. Africk
April 24, 2008
Page 2

"minor role" in the offense within the meaning of the Sentencing Guidelines. The Government further agrees that in consideration for Fowler's guilty plea and cooperation, the Government will not charge Kent Fowler in connection with the facts set out in the Bill of information, provided Kent Fowler agrees to participate in a Pre-Trial Diversion program.

The Government further agrees that it will not seek criminal charges against Engineering Dynamics, Inc. ("EDI") provided: 1) Fowler complies fully with the terms of this agreement; and 2) EDI fully satisfies any and all civil fines and penalties imposed by the United States Government, including those assessed by the Office of Foreign Asset Control, Department of the Treasury ("OFAC") and Bureau of Industry Security, United States Department of Commerce ("BIS"). Fowler further agrees that he will cooperate fully and in good faith with any and all agencies of the United States Government, including OFAC and BIS, in the determination of the civil fines and penalties against EDI and their payment out of any salary or distributions Fowler receives from EDI. Should either Fowler or EDI fail to meet these terms, the government reserves its right to seek criminal charges against EDI.

## B. MAXIMUM PENALTIES

The defendant further understands that the statutory maximum penalty is a term of imprisonment of up to five years and/or a fine of $250,000 or an alternative fine of twice the gross gain to the defendant or twice the gross loss to any victim.

It also is understood that the Court must order restitution to any victim in this case under the provisions of 18 U.S.C. § 3663, if the Court finds it appropriate to do so. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

## C. SPECIAL ASSESSMENT

Further, the defendant understands that a mandatory special assessment fee of $100 per count shall be imposed under the provisions of 18 U.S.C. § 3013. This special assessment must be paid on the date of sentencing.

## D. SUPERVISED RELEASE TERM

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of

up to three years pursuant to 18 U.S.C. § 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

### E. WAIVER OF APPEAL

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction and sentence on any ground, including but not limited to any appeal right conferred by 18 U.S.C. § 3742 on the defendant, and the defendant further agrees not to contest his conviction or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the appropriate sentencing guidelines.

### F. SENTENCING GUIDELINES

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant additionally understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

### G. HYDE AMENDMENT

The defendant agrees to waive any right to seek attorney's fees and/or litigation expenses under the "Hyde Amendment," 18 U.S.C. § 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

### H. DEFENDANT'S FULL AND TRUTHFUL COOPERATION

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever reasonably requested by United States law enforcement and intelligence authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any grand jury or trial jury and to testify truthfully. The defendant agrees neither to implicate anyone falsely

Honorable Lance M. Africk
April 24, 2008
Page 4

nor to exculpate or protect anyone falsely. The defendant understands if he is not truthful, or withdraws from, or materially breaches this Agreement, said Agreement will be null and void, and notwithstanding any other provision of this agreement, the defendant may be prosecuted for perjury or making false statements, as well as any other appropriate charges and any statements he has made can be used against him. Defendant further acknowledges that the aforementioned penalties apply fully to any material misrepresentation or omission in the Financial Statement he is obligated to provide pursuant to the provisions of paragraph I, infra.

The defendant further agrees to assist fully and in good faith in any and all efforts to disable or otherwise render the SACS software sold to entities within Iran inoperable subject to the supervision and direction of law enforcement and intelligence authorities.

The defendant further agrees, subject to Court approval, to a delay of his sentencing date until the completion of his cooperation, including his testimony in any trial(s).

In consideration of the defendant's willingness to acknowledge his guilt and accept responsibility for his wrongful conduct in compliance with the aforementioned conditions, the Government agrees that it will do the following:

1. The Government will bring to the attention of all federal courts, prosecutors and Probation Officers of any cooperation rendered to law enforcement by the defendant. However, the defendant's cooperation does not automatically require the Government to request a departure from the sentencing guidelines for substantial assistance to the Government. That decision will be made by the Government, in its sole discretion, after it evaluates the cooperation. If the Government decides to file a motion that the Court may depart pursuant to USSG § 5K1.1 of the sentencing guidelines, the Government will file a motion at a time determined by the Government, and only after the Government evaluates the entire cooperation of the defendant. The defendant understands the motion could be filed prior to or at sentencing. After sentencing, any such motions would be governed by Rule 35 of the Federal Rules of Criminal Procedure.

2. The Government also agrees that any statements or testimony given by the defendant, as of and after the date of this letter, pursuant to questions asked by law enforcement agents or prosecutors as a result of this agreement, will not be used against him, including in connection with sentencing under USSG § 1B1.8. However, all parties understand that the United States may make derivative use of such statements or testimony and may pursue investigative leads therefrom, and will not be required at any time to prove an independent source at any Kastigar or other hearing

held thereon. This agreement not to use statements or testimony does not apply to crimes of violence. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, such statements and testimony can be used for all purposes, and he faces additional charges involving false statements and perjury.

3. If, in the sole determination of the United States Attorney, the defendant provides full and truthful and substantial cooperation, the Government will recommend to the Court that the defendant's sentencing guidelines should be reduced pursuant to U.S.S.G. § 5K1.1. To date, it appears that defendant's cooperation has been truthful and "substantial" within the meaning of the sentencing guidelines. The defendant acknowledges that the Government's recommendation will only be made in return for defendant's substantial assistance as determined by the United States Attorney and is not binding on the Court and that the Court may depart above or beyond the applicable or stipulated sentencing guidelines.

## I. **FORFEITURE**

The parties stipulate that defendant will forfeit to the United States the gross revenue to defendant and/or Engineering Dynamics, Inc. from their business dealings with entities in Iran from 1995 to the present in connection with the sales and service of SACS computer software and that this sum should be given consideration by the Court towards satisfying defendant's fine obligation, if any. The parties acknowledge that neither this nor any other recommendation as to sentencing binds the Court.

The defendant further agrees to submit to interviews whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete, accurate, and thorough Financial Statement, Form OBD-500 within 90 days.

Honorable Lance M. Africk
April 24, 2008
Page 6

### J. NO SIDE AGREEMENTS

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government. There are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
United States Attorney

_____
MICHAEL W. MAGNER
Assistant United States Attorney

_____
GREGORY M. KENNEDY
Assistant United States Attorney

_____
Richard W. Westling, Esq.
Attorney for the Defendant

_____
John N. Fowler
Defendant

___4/24/08_____
Date